IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-438-D

| | |
|---|---|
| AMERICAN ENTERTAINERS LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CITY OF ROCKY MOUNT, NORTH ) | |
| CAROLINA, ) | |
| ) | |
| Defendant. ) | |

On October 22, 2014, American Entertainers LLC ("American Entertainers" or "plaintiff") moved to strike certain affirmative defenses in the City of Rocky Mount's ("Rocky Mount" or "defendant") answer [D.E. 15]. On November 7, 2014, Rocky Mount responded in opposition [D.E. 19]. As explained below, the motion to strike is denied.

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f). Motions to strike are disfavored. See, e.g., Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); Hill v. Robeson Cnty., 733 F. Supp. 2d 676, 690 (E.D.N.C 2010).

American Entertainers operates an "exotic dance" club in Rocky Mount and filed a 46-page, nine-count complaint seeking a declaratory judgment under federal and state law. Compl. [D.E. 1]. American Entertainers alleges that Rocky Mount violated 42 U.S.C. § 1983 and the First Amendment, the North Carolina Constitution, North Carolina contract law, and North Carolina land use law. See id. ¶¶ 1–178.

The court has reviewed the complaint and the affirmative defenses at issue in the motion to strike. The court denies American Entertainers's motion to strike the second, third, and fifth affirmative defenses as baseless. As for the fourth affirmative defense, Rocky Mount asserts a

failure to exhaust administrative remedies. See Answer [D.E. 13] 19 (fourth affirmative defense). Of course, American Entertainers did not have to exhaust administrative remedies with Rocky Mount before filing suit under 42 U.S.C. § 1983 and the First Amendment. See, e.g., Patsy v. Bd. of Regents of Fla., 457 U.S. 496, 516 (1982). Nonetheless, Rocky Mount appears to direct the fourth affirmative defense to one of American Entertainers's state-law claims to the extent that American Entertainers seeks a declaration that the club conforms with Rocky Mount's Land Development Code. See Answer 19 (fourth affirmative defense). At this stage of the litigation, American Entertainers has failed to demonstrate that this defense to a state-law claim is "insufficient." Fed. R. Civ. P. 12(f). Whether the fourth affirmative defense ultimately will have merit concerning any of plaintiff's state-law claims is an issue for another day.

In sum, plaintiff's motion to strike [D.E. 15] is DENIED.

SO ORDERED. This 12 day of December 2014.

JAMES C. DEVER III
Chief United States District Judge