IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-438-D

| | | |
|---|---|---|
| AMERICAN ENTERTAINERS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF ROCKY MOUNT, NORTH CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |

On September 8, 2016, this court ruled on cross-motions for summary judgment by American Entertainers, LLC, ("American" or "plaintiff") and the City of Rocky Mount, North Carolina ("the City" or "defendant") [D.E. 47]. On September 14, 2016, pursuant to Rule 59 of the Federal Rules of Civil Procedure, American moved for reconsideration of this court's summary-judgment order [D.E. 49]. On October 5, 2016, the City responded in opposition to American's motion [D.E. 50]. As explained below, the court denies American's motion for reconsideration.

American moves for reconsideration under Rule 59(a)(2). [D.E. 49] 10–11. Rule 59(a)(2) applies after a nonjury trial, but no trial has occurred in this case. The court construes American's motion as a motion under Rule 59(e), which allows the court to alter or amend its judgment. The court has considered the motion under the governing standard. See, e.g., Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 407 (4th Cir. 2010); Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (quotation

omitted). Courts have recognized three grounds for altering or amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand, 478 F.3d at 637; see Pac. Ins. Co, 148 F.3d at 403. Rule 59(e) motions may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403. Mere disagreement with the court's decision is not a proper basis for a Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

First, American takes issue with the court's statement that "[j]urisdiction in this case rests on diversity of citizenship." Order [D.E. 47] 6. Here, jurisdiction rested on federal-question jurisdiction for American's federal claims and on supplemental jurisdiction for American's state-law claims. See 28 U.S.C. §§ 1331, 1367. The error, however, did not affect the court's subject-matter jurisdiction and reconsideration is not warranted.

Second, American claims that the court did not address arguments that Rocky Mount's Sexually Oriented Business Ordinance's ("SOBO") prohibition of "specified sexual activities" was overbroad. In support, American contends that the court did not address (1) the overbreadth of the term "erotic touching" used in the SOBO and (2) the SOBO's lack of an exception for mainstream or conventional presentations of nudity or eroticism.

As for the term "erotic touching," the word is used in the SOBO in the phrase "[f]ondling or other erotic touching." SOBO § 13-271. The court analyzed why the word "fondling" was not unconstitutionally overbroad, and the companion phrase "erotic touching" survives for the same reason. See Order at 21–23. The court also analyzed why the prohibition against performers "touching" patrons was not unconstitutionally overbroad. Id. at 23–25. Potentially overbroad terms

2

concerning sexual touching are not impermissibly overbroad if they are susceptible to a limiting construction that requires the body part in question to be "manipulat[ed]" and not merely "touched." Giovani Carandola, Ltd. v. Fox, 470 F.3d 1074, 1081–84 (4th Cir. 2006). The phrase "erotic touching" is susceptible to such a limiting construction.

As for the SOBO's lack of an exception for mainstream or conventional presentations of nudity or eroticism, such an exception could save an otherwise overbroad prohibition on displays of nudity or eroticism, but is not required for all such restrictions. See Giovani Carandola, Ltd. v. Bason, 303 F.3d 507, 516 (4th Cir. 2002) (discussing a statute's application to "mainstream entertainment" as an indication that a statute was not narrowly tailored). Furthermore, a restriction on nudity or eroticism that is limited to establishments that "regularly feature" nudity does not cover the incidental display of nudity or eroticism in mainstream or conventional contexts because the phrase "regularly features" may be construed to mean "always features." See id. at 517; Schultz v. City of Cumberland, 228 F.3d 831, 860 (7th Cir. 2000). The SOBO limits only the display of specified sexual activities in establishments that "regularly feature" such performances. SOBO § 13-271 ("Adult cabaret" definition). Therefore, to the extent the court did not reach certain overbreadth arguments, those arguments lack merit and do not warrant reconsideration.

Third, American disputes the court's characterization of the statute at issue in Fly Fish, Inc. v. City of Cocoa Beach, 337 F.3d 1301 (11th Cir. 2003), and the court's citation to Mom N Pops, Inc. v. City of Charlotte, 162 F.3d 1155 (4th Cir. 1998) (per curiam) (unpublished table decision). As the court stated in its order:

> In Fly Fish, Inc. the ordinance allowed the city to deny a license "if the granting of the application would violate either a statute or ordinance or an order from a Court of law that effectively prohibits the applicant from obtaining an adult entertainment establishment license." Fly Fish, Inc., 337 F.3d at 1312 (quotation omitted). The court invalidated that ordinance because "whether [the laws] 'effectively' prohibit

3

> the applicant from obtaining a license" exceeded "the limits of permissible ministerial discretion." Id. at 1313 (quotation omitted). . . .
>
> Here, unlike in Fly Fish . . . the SOBO does not grant the chief of police similar discretion. There are no requirements that the chief of police determine . . . whether a law would "effectively" prohibit the applicant's operation. Rather, the SOBO simply requires compliance with applicable laws. Thus, American's argument fails.

Order at 15–16. Reconsideration of the court's order is not warranted on the basis of the court's discussion of Fly Fish. Likewise, the court's citations to Mom N Pops do not warrant reconsideration. See id. at 14–15.

Finally, American disputes the court's analysis of the challenge to the SOBO's prohibition against persons under the age of 21 owning a sexually oriented business, brought under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. The court noted that the law was subject to rational-basis review for the purposes of American's equal-protection challenge and that American had failed to meet its burden of demonstrating that the law was not rationally related to a legitimate government interest. See id. at 25. The court further noted that, as for American's First Amendment challenge, American had failed to cite any precedent showing that the First Amendment protected the right of persons—of any age—to own a sexually oriented business. Id. American could not cite to such a case because no such right under the First Amendment exists. Reconsideration of the court's order is not warranted on these grounds.

In sum, the court DENIES American's motion for reconsideration [D.E. 49].

SO ORDERED. This **14** day of April 2017.

JAMES C. DEVER III
Chief United States District Judge

4